UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH, | Case No. 17-04030 BLF (PR) |
| Plaintiff, | **ORDER DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION** |
| v. | |
| SHAWN HATTON, et al., | |
| Defendants. | |

Plaintiff, a California inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against Defendants Warden Shawn Hatton, Investigative Services Unit ("ISU") Lieutenant V. Khan, ISU Sergeant S. Kelley, ISU Correctional Officer Z. Brown, ISU Correctional Officer S. Patterson, ISU Sergeant S. Rodriguez, and ISU Correctional Officer R. Salas. Upon review of Plaintiff's complaint, the Court found that Plaintiff had stated a cognizable claim that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.

On March 29, 2018, Defendants filed a motion to dismiss and motion for summary

judgment.  Plaintiff filed an opposition, and Defendants filed a reply.  In a separate but concurrently filed order, the Court grants Defendants' motion to dismiss and motion for summary judgment.

However, upon review of Plaintiff's opposition to Defendants' motion to dismiss and motion for summary judgment and the legal arguments contained in Plaintiff's opposition, in conjunction with a further evaluation of Plaintiff's complaint, it became apparent to this Court that a liberal and broad construction of Plaintiff's complaint reveals additional claims that were not mentioned in earlier orders.

Specifically, a liberal construction of Plaintiff's complaint shows that Plaintiff also provided sufficient facts from which to infer that his Fourth and Fourteenth Amendment rights were violated by Defendants Brown, Salas, Patterson, and Rodriguez.  *See Bull v. San Francisco*, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc) (noting that the Fourth Amendment applies to the invasion of bodily privacy in prisons); *Armendariz v. Penman*, 75 F.3d 1311, 1320 (9th Cir. 1996) ("the Fourteenth Amendment protects against a State's interferences with personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education, as well as with an individual's bodily integrity") (internal quotation marks omitted), *overruled in part on other grounds by Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 856 (9th Cir. 2007).

Defendants have not directly addressed the newly-identified Fourth and Fourteenth Amendment claims in a motion for summary judgment or other dispositive motion because the Court failed to previously serve those claims on Defendants.  To that end, Defendants Brown, Salas, Patterson, and Rodriguez are directed to file a motion for summary judgment or other dispositive motion with respect to Plaintiff's claim that they violated his rights under Fourth and Fourteenth Amendments.  Defendants must file their motion, or notice that such a motion is unwarranted, no later than **ninety days** from the filing date of

Case No. 17-04030 BLF (PR)
ORDER DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION

2

this order.  Plaintiff's opposition is due no later than **twenty-eight days** from the date Defendants' motion is filed.  Defendants shall file a reply within **fourteen days** thereafter.

## CONCLUSION

Defendants shall file a dispositive motion, or notice that no such motion is warranted, with respect to Plaintiff's claim that Defendants Brown, Patterson, Rodriguez, and Salas violated Plaintiff's rights under the Fourth and Fourteenth Amendments.  The motion is due no later than **ninety days** from the filing date of this order.  Plaintiff's opposition is due no later than **twenty-eight days** from the date Defendants' motion is filed.  Defendants shall file a reply within **fourteen days** thereafter.

It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  November 15, 2018

BETH LABSON FREEMAN
United States District Judge